IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL BROWN,                        :
                                      :
        Petitioner,                   :
    v.                                :   Civ. No. 09-718-JJF
                                      :
PERRY PHELPS,                         :
Warden, and ATTORNEY                  :
GENERAL OF THE STATE                  :
OF DELAWARE,                          :
                                      :
        Respondents.                  :

**MEMORANDUM ORDER**

Petitioner Michael Brown has filed a Motion For The Appointment Of Counsel. (D.I. 15.) By his Motion, Petitioner asks the Court to appoint counsel because he cannot afford to retain counsel on his own behalf, he does not have the ability to investigate or present his own case, the case is legally complex, and an attorney is necessary for the effective utilization of discovery. Id. In addition, Petitioner requests permission to supplement his Petition with evidence of actual innocence so that he can avoid the procedural bars to his claim mentioned by the State in its Answer. For the reasons discussed, the Court will deny Petitioner's Motion For The Appointment Of Counsel and grant his request to file a supplement.

Although a petitioner does not have a constitutional or statutory right to an attorney in a federal habeas proceeding,[1] a

---

[1]See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v.

district court may seek legal representation by counsel for a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the petitioner] resulting . . . from [the petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)); 18 U.S.C. § 3006A(a)(2)(B) (representation by counsel may be provided for a financially eligible petitioner when a court determines that the "interests of justice so require").  Factors to be considered by a court in determining whether to request a lawyer to represent an indigent petitioner include: (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required, and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony.  Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002);  Tabron, 6 F.3d at 155-56.

---

Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999).

After reviewing Petitioner's Motion and the documents filed, the Court concludes that this case is not so factually or legally complex at this juncture that requesting an attorney to represent Petitioner is warranted. Petitioner's filings in this case demonstrate his ability to articulate his claims and represent himself. In addition, it does not appear to the Court that expert testimony will be necessary or that the ultimate resolution of the Petition will depend upon credibility determinations. Accordingly, the Court will deny without prejudice Petitioner's Motion For The Appointment Of Counsel.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Petitioner's Motion For The Appointment Of Counsel (D.I. 15) is **DENIED** without prejudice to renew.

2. Petitioner's request to file a supplement contained within his Motion For Appointment Of Counsel is **GRANTED**. The supplement shall be filed no later than **July 29, 2010**.

July 13, 2010
DATE

UNITED STATES DISTRICT JUDGE

3