IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. BROWN, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 09-718-LPS |
| PERRY PHELPS, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : | |
| Respondents. | : | |

Michael A. Brown. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

**MEMORANDUM OPINION**

April 1, 2011
Wilmington, Delaware

**Stark, District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Michael A. Brown ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## BACKGROUND

Petitioner was indicted in February 2005 on multiple counts of related robbery offenses. He was re-indicted on October 3, 2005 on sixteen counts of first degree robbery, two counts of attempted first degree robbery, fourteen counts of wearing a disguise during the commission of a felony ("WDDCF"), and nine counts of possession of a firearm during the commission of a felony ("PFDCF"). Following an eight-day jury trial in September 2006, a Delaware Superior Court jury found Petitioner guilty of twelve counts of first degree robbery, six counts of PFDCF, two counts of attempted first degree robbery, and eleven counts of WDDCF. The Superior Court sentenced Petitioner to a total of eighty-three years at Level V imprisonment, suspended after seventy-four years for Level II probation. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on August 22, 2007. *Brown v. State*, 933 A.2d 1249 (Table), 2007 WL 2399227 (Del. Aug. 22, 2007).

On January 7, 2008, Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on February 28, 2008. *State v. Brown*, 2008 WL 555921 (Del. Super. Ct. Feb. 28, 2008). Petitioner did not appeal the Superior Court's judgment.

Petitioner filed his second Rule 61 motion on December 29, 2008. The matter was

1

assigned to a Superior Court Commissioner who, on February 6, 2009, filed a Report and Recommendation that Petitioner's second Rule 61 motion should be summarily dismissed. (D.I. 10, at p.3) Rather than take any further action in the Superior Court, Petitioner filed a notice of appeal in the Delaware Supreme Court regarding the Report and Recommendation. The Delaware Supreme Court dismissed the appeal for lack of jurisdiction on July 20, 2009. *Brown v. State*, 977 A.2d 898 (Table), 2009 WL 2142495 (Del. July 20, 2009).

Petitioner filed the instant Petition in September, 2009. (D.I. 1) The State filed an Answer, asserting that the Petition should be dismissed as time-barred. (D.I. 12)

## **THE ONE YEAR STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 23, 1996. The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence.

*Id.* AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## **DISCUSSION**

Petitioner's § 2254 Petition, dated 2009, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, Petitioner's convictions became final on November 20, 2007, because he did not seek certiorari review of the Delaware Supreme Court's August 22, 2007 decision regarding his direct appeal. Accordingly, to comply with the one-year limitations period, Petitioner had to file his § 2254 application by November 20, 2008. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed the instant application on September 22, 2009,[1] more than one year after

---

[1] Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date

3

the expiration of the limitations period. Thus, his habeas Petition is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

**Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A properly filed state post-conviction motion also tolls the limitations period through the post-conviction appeal period, even if no appeal is taken.[2] *Swartz,* 204 F.3d at 420-24.

Petitioner filed his first Rule 61 motion on January 7, 2008. The Delaware Superior Court denied that Rule 61 motion on February 28, 2008, and Petitioner did not appeal that decision. Consequently, Petitioner's first Rule 61 motion tolled the limitations period from January 7, 2008 through March 31, 2008.[3]

---

the application is filed in the court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the Court adopts September 22, 2009 as the date of filing, because that is the date on the Petition.

[2]However, the "time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

[3]The thirty-day period for appealing the denial of Petitioner's Rule 61 motion actually ended on March 29, 2008, which was a Saturday. Therefore, the appeal period extended through

4

Petitioner filed his second Rule 61 motion on December 29, 2008, and the Commissioner denied that Rule 61 motion on February 6, 2009. Assuming, without deciding, that Petitioner's appeal from the Commissioner's denial triggered statutory tolling,[4] the limitations remained tolled from December 29, 2008 through July 20, 2009, the date of the Delaware Supreme Court's dismissal of the appeal for lack of jurisdiction.

When Petitioner filed his first Rule 61 motion, forty-seven days of AEDPA's limitations period had already run. Another 272 days of the limitations clock ran from the conclusion of Petitioner's first Rule 61 proceeding until he filed his second Rule 61 motion, and sixty-three more days on the limitations clock ran from the end of Petitioner's second Rule 61 proceeding until he filed the instant Petition on September 21, 2009. Consequently, even with statutory tolling, 382 days had elapsed by time Petitioner filed the instant Petition, rendering his filing eighteen days too late. Accordingly, the Petition is time-barred, unless equitable tolling applies.

---

Monday, March 31, 2008. *See* Del. Sup. Ct. R. 6(a), 11(a).

[4]As explained in the State's Motion to Dismiss Petitioner's second post-conviction appeal, "any party who disputes the Commissioner's findings of fact and recommendations may file objections to the Commissioner's report within 10 days of the filing of that report. [] The Commissioner's report and recommendation from which he has filed a notice of appeal in this Court is not a final order of the Superior Court, and [the Delaware Supreme Court] lacks jurisdiction to hear his appeal." (D.I. 12, Motion to Dismiss in *Brown v. State*, No.105,2009, at ¶ 4) In turn, the Delaware Supreme Court dismissed the appeal for "lack of jurisdiction to consider an appeal directly from a Superior Court Commissioner's report and recommendation." *Brown*, 2009 WL 2142495 (Del. July 20, 2009). Based on this procedural history, the State does not concede that Petitioner's appeal from the Superior Court Commissioner's Report and Recommendation constituted a "properly filed application for collateral review" for the purposes of statutory tolling. Rather, the State assumes "for the purpose of argument" that Petitioner's appeal did trigger statutory tolling under § 2244(d)(2). (D.I. 12, at n.3) Because the instant Petition is time-barred with or without such statutory tolling, the Court will also presume that Petitioner's appeal of the Report and Recommendation triggers statutory tolling.

5

**Equitable Tolling**

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[5] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him filing his Petition with the Court in a timely manner. (D.I. 1, at p. 18) To the extent Petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). For these reasons, the Court concludes that equitable tolling is not available in this case. Accordingly, the Court will dismiss the Petition as untimely.

---

[5]*Holland*, 130 S.Ct. at 2562.

## CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.