IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. BROWN, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 09-718-LPS |
| PERRY PHELPS, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : | |
| Respondents. | : | |

**MEMORANDUM**

Pending before the Court is Petitioner Michael A. Brown's ("Petitioner") Motion for Reconsideration regarding the dismissal of his time-barred Petition. (D.I. 23) For the reasons discussed, the Court will deny the Motion for Reconsideration.

**I. BACKGROUND**

Petitioner Michael A. Brown filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his Delaware state convictions for first degree robbery, possession of a firearm during the commission of a felony, attempted first degree robbery, and wearing a disguise during the commission of a felony. (D.I. 1) Petitioner asserted two grounds for relief: (1) his due process rights were violated due to the prosecutorial misconduct that occurred during the closing argument; and (2) trial counsel rendered ineffective assistance by failing to interview and call alibi witnesses. *Id.* In its Answer, the State argued that the Court should deny the Petition in its entirety for being time-barred. (D.I. 10) Alternatively, the State argued that the due process/prosecutorial misconduct claim did not warrant relief under § 2254(d)(1), and that the ineffective assistance of counsel claim was procedurally barred from

habeas review due to Petitioner's procedural default of the issue in the state courts. *Id.*

Thereafter, Petitioner filed a motion for appointment of counsel, which also contained a request for permission to supplement his Petition with evidence of his actual innocence as "a gateway to hear his *procedurally defaulted*" claims. (D.I. 15) (emphasis added). The Court denied the motion for appointment of counsel, but granted Petitioner's request to file a supplement regarding his actual innocence. (D.I. 16) Consequently, Petitioner filed an 83-page Supplemental Memorandum, which primarily reasserted the two arguments presented in his Petition, but also included five (5) affidavits from individuals to support his allegation of actual innocence (two of which were from the "new" potential witnesses Strickland and McCully). (D.I. 18) According to Petitioner, the "new" exculpatory testimony of potential witnesses Strickland and McCully[1] supported his ineffective assistance of counsel claim because their potential testimony demonstrated that he was prejudiced by counsel's failure to call alibi witnesses. (D.I. 18 at 16-24) Petitioner asserted that the "new testimony is reliable enough to establish actual innocence," and that "the affidavit of Mr. Strickland alone is sufficient to raise factual questions concerning Petitioner's innocence that cannot be resolved by examining the affidavits and the petition." *Id.* at 24-33.

On April 1, 2011, the Court denied the Petition after concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244. (D.I. 21; D.I. 22)

---

[1]Petitioner's convictions stemmed from a "crime spree that spanned over five months and involved the robbery, attempted robbery or carjacking of eighteen separate individuals." *Brown v. State*, 933 A.2d 1249 (Table), 2007 WL 2399227, at *1 (Del. Aug. 22, 2007). Strickland's affidavit asserts that he, and not Petitioner, committed the robberies for which Petitioner was convicted. (D.I. 18 at 25-27) McCully's affidavit states that she "can verify that [Petitioner] spent the entire evenings at [her] home on July 31, 2004 and August 21, 2004." *Id.* at 30. McCully's affidavit also states that Petitioner is the father her son. *Id.*

2

Petitioner filed the instant "Motion for Reconsideration" (D.I. 23) on April 20, 2011, and his "Notice of Appeal" (D.I. 24; D.I. 25) on April 28, 2011. Petitioner's Motion for Reconsideration is ready for review.

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances, *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the Court has already considered and

3

decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

Petitioner has not identified the authority by which he is seeking reconsideration. In his Motion, Petitioner states that the Court "never did examine" his actual innocence claim, which "would have hurdled [] Petitioner over the procedural wall that the State of Delaware continues to stack up." (D.I. 23 at 1) This statement suggests that Petitioner believes the Court mistakenly forgot to consider his "actual innocence" claim during its review of his Petition and, therefore, appears to fall within the ambit of Rule 60(b)(1). *See, e.g., Niederland v. Chase*, 2011 WL 2023253 (2d Cir. May 25, 2011); *Gillon v. Bureau of Prisons*, 393 F. App'x 550, 553-54 (10th Cir. 2010). However, because Petitioner filed the instant Motion within 28 days after the entry of the Court's judgment,[2] the Court will treat the Motion as filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

As an initial matter, the Court notes that it did not "forget" to review Petitioner's claim of actual innocence. Rather, after determining that the Petition was time-barred, the Court found (although it did not state it) no need to address Petitioner's "actual innocence" allegations given Petitioner's explicit explanation that he was asserting his actual innocence in order to circumvent

---

[2]Federal Rule of Civil Procedure 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The envelope in which Petitioner mailed his Motion is post-marked April 18, 2011, and the Motion was docketed on April 20, 2011. (D.I. 23) Both dates fall well within the twenty-eight (28) day period provided for in Rule 59(e).

4

his procedural default of his ineffective assistance of counsel claim. (D.I. 15 at 1; D.I. 18 at 16-33)

Moreover, to the extent Petitioner's protestations of "actual innocence" were also asserted to avoid a finding that his Petition was time-barred, the Court concludes that Petitioner's instant argument does not warrant reconsideration of its earlier decision. To begin, the Third Circuit has not yet determined whether a credible claim of actual innocence can equitably toll the AEDPA's limitations period. *See, e.g., Horning v. Lavan*, 197 F. App'x 90, 93 (3d Cir. 2006). Moreover, even if a petitioner's actual innocence could warrant equitable tolling, tolling is not justified in this case because the affidavits supplied to support that assertion do not constitute new reliable evidence of Petitioner's actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004) (explaining that, to be credible, petitioner asserting actual innocence must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition).[3] Finally, to the extent Petitioner suggests that the Court committed a clear error of law, the Court is not persuaded. Accordingly, Petitioner has failed to present the Court with any reason to conclude that it should reconsider its earlier denial of his Petition as time-barred.

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Motion for Reconsideration. In addition, the Court will not issue a certificate of appealability, because

---

[3]The Court agrees with the State that "[l]arge amounts of evidence linked Brown to the series of liquor store robberies," including the testimony of Detective Potts, the presence of Brown's DNA in vehicles he was charged with stealing, bandanas found on his person when he was arrested, and videotapes of the robberies. (D.I. 10 at 2, 12)

5

Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2008). A separate Order will be entered.

July 6, 2011
DATE

UNITED STATES DISTRICT JUDGE